

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

KARI A. DAY,                              )
                                          )
                    Plaintiff             )            Civil No. 05-1617-KI
                                          )
          v.                              )            OPINION AND ORDER
                                          )
LINDA S. McMAHON,[1]                      )
                                          )
                                          )
                    Defendant             )

TIM WILBORN
Wilborn & Associates
2020-C S.W. 8th Avenue
West Linn, OR 97068-4612
          Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

THOMAS M. ELSBERRY
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

          Attorneys for Defendant

_____

          [1]On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social
Security.  She is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d)(1)
and 20 U.S.C. section 405(g).

KING, District Judge:

Plaintiff Kari Day seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is REMANDED FOR FURTHER PROCEEDINGS.

## BACKGROUND

Born in 1974, Day has a high school education. Tr. 44, 66.[2] Between 1992 and 2001 Day worked as a waitress, day care worker, life guard, and teacher's aid. Tr. 61, 240.

Day applied for DIB on June 25, 2003. Tr. 44-46. The Commissioner's decision reflects that Day also applied for SSI, but this application is not contained in the administrative record. Day alleges disability since December 13, 2001, due to bipolar disorder. Tr. 60. A hearing was held before an Administrative Law Judge (ALJ) on March 8, 2005. Tr. 234-273. On April 28, 2005, the ALJ issued a decision finding Day not disabled. The Appeals Council denied review of the ALJ's decision, making the ALJ's decision final. Tr. 5-7. Day seeks review of this finding.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Day challenges the ALJ's evaluation of the evidence and his

---

[2]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on February 15, 2006 (Docket #8).

conclusions at step five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§404.1520(4)(iii), 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine if the claimant can perform work in the national economy at step five.

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that jobs

3 - OPINION AND ORDER

exist in the national economy in the claimant's residual functional capacity. *Id.* If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g), 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found that Day's "statements concerning her impairments and limitations are not entirely credible." Tr. 22. The ALJ found Day's ability to work limited by her bipolar disorder. Tr. 21. The ALJ evaluated Day's RFC:

> The claimant has non-exertional limitations only and retains the residual functional capacity to perform simple, routine, repetitive work that requires no public interaction.

Tr. 22.

Relying upon vocational expert (VE) testimony, the ALJ found at step five that Day could work as a laundry worker, assembly worker, or food processor. Tr. 21. Accordingly, the ALJ determined Day was not disabled under the Act at any time through the date of his decision. Tr. 22.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and detracts from the ALJ's conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d. 771, 772 (9th Cir. 1986)). The reviewing court "may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). In reviewing a credibility finding, the court must consider whether the Commissioner provided "clear and

convincing reasons" for finding a claimant not credible. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). This court also looks for "clear and convincing reasons" in reviewing rejection of an uncontradicted treating physician's opinion and in reviewing rejection of an uncontradicted examining physician's testimony. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d at 750; *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Day contends the ALJ failed to accurately assess her RFC because the ALJ improperly discredited Day's's testimony, improperly considered the medical expert's testimony and improperly evaluated a lay witness's testimony. Day also suggests the ALJ failed to properly consider her alleged inability to tolerate stress.

## I.    Day's Credibility

The ALJ discussed Day's credibility:

> I find the claimants allegations are not supported by medical and other evidence of record, including her own written and oral statements. She performs fully independent activities of daily living three or four days a week, taking care of her children and doing housework, shopping for groceries and visiting friends and family. She keeps medical appointments with her treating psychiatrist and mental health counselor, whose records indicate she has only minimal functional limtaions. While she has anger control issues, these are controlled with medications. The claimant takes care of her own personal needs and those of her children. Further, the medical evidence does not support her claims that she is still violent and unable to take care of herself and her household. The claimant stated that she was better since she began taking her medications, and her husband and mother-in-law's testimony corroborated these allegations. The medical evidence also shows that the claimant's mood is stable as long as she takes her medications as they are

prescribed.

Tr. 18.

### a.   *Credibility Analysis*

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).   In making credibility findings, the ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).   Additionally, the ALJ may employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id*.   Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2005).

### b.   *Inconsistent Statements and Activities*

The ALJ primarily based his credibility finding upon discrepancies between Day's alleged limitations and her reported activities. Tr. 19.   The ALJ noted that Day performs independent activities of daily living "three or four days a week," including caring for her children and attending medical appointments. Tr. 18.   "Three or four days a week" does not constitute substantial daily activity consistent with ability to perform competitive work activity. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).   This reasoning is not sustained.

6 - OPINION AND ORDER

This court additionally questions the ALJ's reliance upon Day's utilization of treatment in finding her not credible. An ALJ may question a claimant's credibility if she fails to seek treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). However, no authority suggests the inverse is true. Such reasoning contravenes the claimant's burden that she must show disability and is not sustained.

Finally, the ALJ relied upon lay witness statements in finding Day not credible. Because the ALJ later rejected lay witness testimony, discussed below, this finding is internally inconsistent and will not be sustained.

### c.    *Day's Credibility and the Medical Record*

Absent the factors cited above, which are not sustained, the ALJ's credibility determination is entirely based upon the Day's medical record. Tr. 18. Here the ALJ emphasized that Day's medications are effective when taken as prescribed. *Id.* Because this court does not sustain the ALJ's other credibility findings, the medical record is the only evidence presently supporting the ALJ's finding. Such reasoning in isolation cannot support a negative credibility inference. *Robbins*, 466 F.3d at 883. Therefore, this court is unable to sustain the ALJ's credibility finding.

## II.    Medical Source Statements

Day contends the ALJ improperly evaluated the opinion of medical expert Dr. Davis, a reviewing physician who testified at her hearing. Pl. Opening Br. 17. In support of this argument, Day suggests the ALJ failed to evaluate Dr. Davis' testimony under the proper legal standards, incorrectly noted Global Assessment of Functioning (GAF)[3] scores, failed to correctly assess her

---

[3] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. *Diagnostic and Statistical Manual of Mental Disorders* (4th

alleged personality disorder, and failed to fully develop the record. Pl. Opening Br. 17-18. Day also suggests the ALJ failed to correctly consider the effects of stress upon her ability to sustain employment.

### a.    *Legal Analysis*

Generally, a treating physician's testimony is given more weight than that of an evaluating or reviewing physician. *Lester v. Chater*, 81 F.3d at 830. An ALJ must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of a treating physician. *Id.* Likewise, the opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician. *Id.* Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies rejection of either an examining physician or a treating physician." *Id.* at 831 (emphasis original).

### b.    *Treating and Examining Physician Opinions*

The ALJ evaluated Day's treating physicians' opinions in some detail. The ALJ cited Day's records at St. Elizabeth Hospital and Health Care documenting her hospitalization in August 2001. Tr. 15. The ALJ also discussed Day's subsequent treatment with Dr. Heriza, a treating psychiatrist. Tr. 16. The ALJ summarized Dr. Heriza's treatment notes between September 2001 and May 2004, noting Day's medication regimes, negative reaction to Lithium medication, and exam findings showing, variously, normal, hypomanic, and depressed symptoms. *Id.* The record does not show that Dr. Heriza diagnosed a personality disorder or made any work related restrictions. Tr. 131, 133-34, 136, 138, 142, 149, 172-75, 231-233. Dr. Heriza's notes additionally make one reference to

---

ed. 1994)(*DSM-IV*)30-32.

8 - OPINION AND ORDER

"stress" and do not suggest such stress preclude's Day's ability to perform competitive employment. Tr. 131.

Other treating physicians similarly found Day had a bipolar disorder only. Tr. 160, 164, 169. Consulting internist Dr. Novak suggested "possible dependant and histronic personality traits," but again made no finding of personality disorder. Tr. 224. This court finds the ALJ's summary of Day's treatment based upon the record. This analysis of Day's treating physicians should be sustained.

### c.    *Medical Expert Robert Davis, Ph.D.*

Medical expert Dr. Davis, a psychologist, testified at Day's March 2005 hearing. Tr. 268-270. Dr. Davis opined that Day experienced both bipolar disorder and an additional personality disorder. Tr. 268. A medical expert's opinion is evaluated under the same standard as a reviewing physician's opinion. 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(iii). The ALJ rejected Dr. Davis' opinion because it was based upon Day's reports. Tr. 17. If an ALJ finds a claimant not credible, he is not required to accept physician opinions based upon the claimant's statements. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Day suggests the ALJ failed to provide "clear and convincing" reasons for rejecting Dr. Davis' testimony. Pl. Opening Br. 16. Here, Day suggests the applicable standards do not distinguish between treating, examining, and reviewing source opinions. *Id.*, *citing Bilby v. Schweiker*, 762 F.2d 716, 718 (9th Cir. 1985). The indicated citation explains, "Although a medical expert's opinion regarding disability is not binding upon the ALJ, the ALJ must provide clear and convincing reasons for rejecting an *uncontroverted* medical opinion." *Bilby*, 762 F.2d at 718

9 - OPINION AND ORDER

(emphasis added).

Dr. Davis' disability opinion is not uncontroverted. No treating or examining physician suggested Day suffers from an additional personality disorder sufficient to meet the indicated listing. Furthermore, no treating or examining physician suggested Day is unable to sustain employment due to her bipolar disorder. Day's submission is thus inconsistent with the standard for evaluating treating, examining, and reviewing physicians. A contradicted reviewing source cannot constitute substantial evidence justifying rejection of a treating source opinion. *Lester*, 81 F.3d at 831. Disability opinions are additionally reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Day's argument misconstrues the relevant legal standards and does not apply to the indicated facts. This argument fails.

### d.    *Global Assessment of Functioning (GAF) Analysis*

Day suggests the ALJ is not bound by GAF analysis submitted by Day's treating and examining physicians. Pl. Opening Br. 17. GAF assessments are an element of a claimant's treatment record, and have no binding effect. However, the ALJ offered no language suggesting he was bound by GAF scores in the medical record. Instead, the ALJ cited Day's GAF scores as components of the medical record. An ALJ may accept medical opinions based upon adequate clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Such citation is acceptable and will not be overturned.

### e.    *Alleged Failure to Develop the Record*

Day also suggests that, "if the ALJ doubted that Plaintiff has a personality disorder independent of her bipolar disorder, it was incumbent upon the ALJ to develop the record by asking

Dr. Davis to rate the severity of the "B" criteria *of the bipolar disorder alone*. The ALJ did not do that."  Pl. Opening Br. 18 (emphasis original).  Day cites no authority supporting this suggested obligation.

After Dr. Davis identified bipolar disorder and a personality disorder as Day's alleged impairments, the ALJ directed Dr. Davis to the "B" criteria, and asked for his opinion "as to the degree of limitations imposed upon Ms. Day's functioning by these impairments..." Tr. 269.  Dr. Davis answered,

> I'm going to be talking about when she is experiencing an episode, say on average once a month.  But because I believe that she can function at times quite normally.  But during those episodes her restriction of activities of daily living are moderately limited in my opinion.  Her difficulty maintaining social function is marked.

Tr. 269.  Dr. Davis also indicated Day has marked difficulty in maintaining concentration, persistence and pace during an episode, and has experienced four or more episodes of decompensation. *Id.*

The ALJ subsequently reviewed the treating and examining physicians' findings regarding the "B" criteria and Day's bipolar disorder.  Tr. 18.  Here the ALJ noted Day's hospitalizations in August and September 2001, but found, "there is no evidence that the claimant has been hospitalized since that time, and her treating psychiatrist and mental health counselor have not reported any episodes of decompensation." Tr. 18.

This court finds that the ALJ's questioning to Dr. Davis and his subsequent "B" criteria analysis clearly encompasses Day's bipolar disorder.  An ALJ is obliged to develop the record when ambiguities arise. *Mayes v. Massinari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  No authority suggests

11 - OPINION AND ORDER

an ALJ must develop the record when questioning encompasses more than one impairment, or develop the record simply because conflicts arise between reviewing source and treating or examining source opinions. The standards for evaluating conflicting opinions, discussed above, are firmly established.

The ALJ's questioning included Day's bipolar impairment and the ALJ adequately found that treating physicians did not find Day impaired by a personality disorder. Dr. Davis' reviewing opinion is contradicted by treating and examining physicians and not entitled to the weight Day suggests. For this reason, the ALJ was not required to ask additional "B" criteria questions of Dr. Davis.

> ### f.   *Summary: Medical Source Opinions*

The ALJ applied the appropriate legal standards in evaluating the opinions of treating and reviewing physicians. However, that analysis is predicated upon finding Day not credible. Because this court does not sustain the ALJ's credibility finding, this court must entertain the possibility that Day's testimony may be credited. If Day is credited, the ALJ may not discredit Dr. Davis' testimony solely because it is based upon Day's reports.   For this reason, upon remand, the ALJ will re-evaluate treating and reviewing source opinions in light of any revised credibility finding.

## III.   Effects of Stress

Day submits the ALJ was obligated to consider effects of stress upon her RFC assessment. Social Security Rulings suggest an ALJ must consider an individual's response to the demands of work, including stress. SSR 85-15 at *6. The medical record does not suggest Day is incapacitated by stress. Day's treating physicians make one reference to stress and do not suggest Day experienced increased stress from work. Tr. 131. Other references cited by Day indicate records produced by

social worker Vicki Long. Long is appropriately identified as a lay witness. 20 C.F.R. §§ 404.1513(d), 416.913(d). Her testimony is discussed below.

Day's testimony suggests she has a "huge fear or working." Tr. 241. Her hearing testimony does not otherwise address workplace stress and her ability to work. Tr. 239-250. Should Day be found credible upon remand, the ALJ must consider her testimony in re-assessing Day's RFC, including effects of workplace stress. The ALJ must also consider relevant lay witness observations, discussed below.

## IV.    Lay Witness Testimony

Day's argument does not identify what lay witness testimony establishes relevant limitations, saying only, "the testimony of Plaintiff's witnesses establishes that, during relevant times, Plaintiff did not have the ability to perform regular, full time work on a continuing basis [emphasis original]." Pl. Opening Br. 15. This court will address testimony submitted by Day's husband, Ray Day, and mother-in-law, Jodie Jeffreys,[4] as indicated in Day's factual summary. Pl. Opening Br. 8-9. Social worker Vicki Long is also properly addressed as a lay witness. Other lay witness testimony is not identified and will not be addressed.

### a.    Evaluating Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 404.1545(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918 - 19 (9th Cir. 1993). The ALJ may

---

[4]This court adopts Jeffreys' name as spelled in the official transcript and Plaintiff's submissions.

not reject such testimony without comment, but he may reject lay testimony inconsistent with medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9ᵗʰ Cir. 1996); *Lewis*, 236 F.3d at 512. If an ALJ rejects lay witness testimony entirely, he must give reasons germane to the witness. *Nguyen*, 100 F.3d at 1467.

### b. *Testimony of Ray Day and Jody Jeffreys*

The ALJ found, "regarding the testimony of the claimant's husband and mother-in-law, their testimony regarding having to help the claimant with her children two to three days per week is likewise not supported by the medical evidence or their earlier written statements." Tr. 20.

The ALJ's finding that Ray Day's testimony is internally inconsistent is not supported by the record. The ALJ noted Ray Day's hearing testimony, stating that he required a modified work schedule in order to care for their children when Day could not function, and his earlier submission, which suggests Day cares for their children without assistance, though she has "good days and bad days." Tr. 82, 84. This court finds these statements consistent. The ALJ's inference that Mr. Day's testimony is inconsistent is not sustained.

The record contains no additional statements by Jodie Jeffreys. The ALJ summarized Jeffreys' hearing testimony, noting that Jeffreys reported that Day is not able to care for her children "about three days a week." Tr. 19. This is consistent with the ALJ's subsequent finding that Day could perform activities of daily living only "three or four days a week." *Id.* This does not suggest that Jeffreys' testimony is internally inconsistent. This finding by the ALJ is also not sustained.

### c. *Social Worker Vicki Long*

Day suggests Long's notes establish that Day is unable to tolerate workplace stress. Pl.

14 - OPINION AND ORDER

Opening Br. 20.    Long's indicated notes show that Day reports being "much less stressed" in her

home environment, and that Long found part-time employment stressful Tr. 132, 175, 209.    These

statements are based upon Day's testimony.    The ALJ may appropriately reject records reiterating

a claimant's reports if the claimant is found not credible.    *See Tonapetyan*, 242 F.3d at 1149.    Should

Day be found credible upon remand, the ALJ must re-evaluate these statements.

Long also stated that, "Being able to stay at home has helped her manage her illness due to

the reduction of stress."    Tr. 212.    Silent omission of lay witness testimony regarding a claimant's

ability to function in a work environment is never harmless.    *Stout v. Commissioner*, 454 F.3d 1050,

`1055-56 (9th Cir. 2006).    The ALJ must consider Long's observations of such limitations upon

remand.

### d.    *Conclusion: Lay Witness Testimony*

The medical record as evaluated by the ALJ does not support the level of impairment Ray

Day, Jeffreys, and Long describe.    An ALJ may reject lay witness testimony when such discrepancy

arises.    *Lewis*, 236 F.3d at 512.    For this reason, the ALJ's analysis of testimony presented by Ray

Day and Jeffreys is sustained, despite the ALJ's inappropriate finding that their testimony is

internally inconsistent.    Should Day be found credible upon remand, the ALJ must re-evaluate their

testimony in light of any revised findings regarding the medical record. The ALJ's silent omission

of Long's testimony is not sustained.    Upon remand, the ALJ must address Long's observations and

state germane reasons for discrediting any of her testimony.

### REMAND

After finding the ALJ did not properly support his credibility finding, the court must

determine the proper remedy. This court has discretion to remand for further proceedings or for immediate award of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). However,

> In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony.

*Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988).

This is not presently the case: the ALJ appropriately determined that treating and examining physician opinions do not indicate disabling impairment. However, should Day's testimony be credited, Dr. Davis' opinion would support such impairment. Crediting Day would remove the ALJ's primary rational for rejecting Dr. Davis' opinion, thus according his opinion greater weight. The ALJ would then subsequently be required to distinguish between the relevant opinions of treating, examining, and reviewing physicians. These issues must be resolved before a disability determination can be made.

This court specifically notes that crediting Day's testimony does not resolve all outstanding issues and mandate an award of benefits. If credited, the ALJ would still be required to resolve conflicts between treating and reviewing medical opinions regarding the severity of Day's bipolar disorder and a finding of personality disorder. For this reason, this court will not remand for the

16 - OPINION AND ORDER

immediate payment of benefits. *See Varney*, 859 F.2d at 1401, *see* also *Rodriguez*, 876 F.2d at 763.

Further proceedings are necessary for the ALJ to properly evaluate Day's credibility. The medical evidence and lay witness testimony must subsequently be re-evaluated if necessary. The Commissioner must additionally produce documentation of Day's SSI application in order to ensure the record is complete. If no such claim exists, the record and the ALJ's decision must be accordingly amended.

## CONCLUSION

This court finds that the Commissioner's decision that Day did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is not based upon correct legal standards. The case is REMANDED FOR FURTHER PROCEEDINGS consistent with this opinion.

IT IS SO ORDERED.

Dated this ___ day of February, 2007.

Garr M. King
United States District Judge

17 - OPINION AND ORDER